**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3716-20

MICHAEL SHURIN,

     Plaintiff-Appellant,

v.

BOARD OF EDUCATION
OF HUDSON COUNTY
SCHOOLS OF TECHNOLOGY,
and JOSEPH M. MUNIZ in his
official capacity as Board
Secretary and Records
Custodian of Hudson County
Schools of Technology,

     Defendants-Respondents.

_____

Argued August 30, 2022 – Decided September 26, 2022

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1328-21.

Walter M. Luers argued the cause for appellant (Cohn Lifland Pearlman Herrmann & Knopf LLP, attorneys; Walter M. Luers, on the briefs).

Jorge R. De Armas argued the cause for respondents (Scarinci Hollenbeck, LLC, attorneys; Robert E. Levy, of counsel and on the brief; Jorge R. De Armas, on the brief).

PER CURIAM

Plaintiff Michael Shurin appeals from the July 9, 2021 Law Division order dismissing his verified complaint and denying his order to show cause in which he sought an order compelling defendants, Board of Education of Hudson County Schools of Technology (Board) and Board Secretary Joseph Muniz, to produce an employee settlement agreement pursuant to the Open Public Records Act (OPRA), N.J.S.A. 47:1A-1 to -13.[1] We affirm.

We glean these facts from the record. On February 27, 2020, the Board adopted a resolution reinstating Graciela Rubet, who had been suspended after a workplace incident led to criminal charges being filed against her. Ultimately, the municipal court dismissed the charges on the prosecutor's recommendation. Subsequently, Rubet presented "a pre-suit litigation demand" to the Board, alleging she was wrongfully suspended. Following consultation with its insurer, on July 16, 2020, the Board adopted a resolution approving a $115,000

---

[1] The verified complaint also included a count based on the common law right of access, which was addressed by the trial court but abandoned on appeal. See N.J. Dep't of Envtl. Prot. v. Alloway Tp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) ("An issue that is not briefed is deemed waived upon appeal.").

settlement payment to Rubet in exchange for a general release of the Hudson County Schools of Technology (HCST) and all its employees from all claims related to the suspension. The resolution provided that the settlement amount was funded by three sources: $65,000 from the insurer; $15,000 from HCST; and the remaining $35,000 from an unnamed "source." The resolution identified the unnamed "source" as a "HCST employee" who would "sign a payment agreement and general release to be formalized by the employee, Superintendent and HCST General Counsel."

On February 10, 2021, Shurin, an independent journalist, submitted an OPRA request to Muniz seeking: (1) a copy of Rubet's notice of tort claim; (2) certain email communications regarding a published story about Rubet; and (3) a copy of the "payment agreement and general release" between the unnamed employee and HCST in connection with the $35,000 payment to Rubet. In response, HCST provided copies of the requested emails but informed Shurin there was no tort claims notice. Additionally, HCST denied Shurin's request for the payment agreement with the unnamed employee, citing N.J.S.A. 47:1A-1.1, defining government records; N.J.S.A. 47:1A-10, limiting access to government personnel records; and this court's decision in Libertarians for Transparent Government v. Cumberland County (Libertarians I), 465 N.J. Super. 11, 13

(App. Div. 2020), rev'd 250 N.J. 46 (2022), which held that "a settlement agreement resolving an internal disciplinary action against a public employee is not classified as a government record under OPRA." Defendants later provided Shurin with a copy of Rubet's settlement agreement and general release, which made no mention of the payment agreement with the unnamed employee.

In April 2021, Shurin filed a verified complaint and an order to show cause, seeking access to the payment agreement with the unnamed employee. In an opposing certification, Muniz averred that the unnamed employee was the subject of an "internal disciplinary investigation" which began in February 2020. The investigation uncovered "a commonality of fact as between at least a portion of the allegations underlying [Rubet's] pre-suit claim and the conduct for which the [unnamed employee] was being investigated." After determining the unnamed employee's conduct warranted disciplinary action, "HCST and the [e]mployee entered into an internal '[s]ettlement [a]greement,'" wherein the employee forfeited "accumulated benefit time . . . valued at $35,000[]" to satisfy "the monetary component" of the disciplinary action. However, "[Rubet] was not a party to the agreement between . . . HCST and the [unnamed e]mployee, and the [unnamed e]mployee was not a party to the agreement between . . . HCST and [Rubet]." According to Muniz, "[n]o funds were actually exchanged in

4

satisfaction of th[e] $35,000[]" and no agreement was ever reached between Rubet and the unnamed employee. Instead, Muniz asserted that the $35,000 "monetary component" of the disciplinary action was HCST's attempt to "recoup" some of the funds it paid to Rubet. Muniz stressed the record sought was "an internal employee personnel matter" that "was never the subject of a civil lawsuit" and was not "part of a global resolution" of Rubet's "pre-suit claim for damages."

Following oral argument on the order to show cause, the trial judge denied Shurin's request and dismissed the complaint. Relying on this court's decision in Libertarians I, 465 N.J. Super. at 21, the judge found that the payment agreement with the unnamed employee was "in fact a personnel record which involve[d] internal employee discipline and investigation into misconduct." Therefore, the judge concluded the record was "exempt from disclosure" under OPRA, pursuant to N.J.S.A. 47:1A-10. The judge reasoned that "some employees agree to settle disciplinary charges, at least in part, to avoid public disclosure of the charges."

In this ensuing appeal, Shurin argues that the internal settlement agreement with the unnamed employee was not merely a personnel record but rather "part of a global resolution" of Rubet's "pre-suit claim for damages."

5

According to Shurin, because the unnamed employee was both a beneficiary of Rubet's settlement agreement by virtue of its general release of all claims against all of defendants' employees, including the unnamed employee, as well as a contributor to the funds comprising Rubet's settlement, the internal settlement agreement "cannot be fairly said to be a resolution of a personnel matter." Inasmuch as the public has the right to access government settlement agreements that resolve civil litigation under OPRA, see Asbury Park Press v. Cnty. of Monmouth, 406 N.J. Super. 1, 9 (App. Div. 2009), Shurin maintains he is entitled to access the unnamed employee's internal settlement agreement because it "resolved potential litigation."

"[D]eterminations about the applicability of OPRA and its exemptions are legal conclusions, and are therefore subject to de novo review." In re N.J. Firemen's Ass'n Obligation, 230 N.J. 258, 273-74 (2017) (citations omitted). "OPRA's purpose is 'to maximize public knowledge about public affairs in order to ensure an informed citizenry and to minimize the evils inherent in a secluded process.'" Mason v. City of Hoboken, 196 N.J. 51, 64 (2008) (quoting Asbury Park Press v. Ocean Cnty. Prosecutor's Off., 374 N.J. Super. 312, 329 (Law Div. 2004)).

To that end, OPRA declares that:

government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions, for the protection of the public interest, and any limitations on the right of access accorded by [OPRA] . . . shall be construed in favor of the public's right of access.

[N.J.S.A. 47:1A-1.]

"As further expansion of the public's right of access, OPRA places the burden of proof on the government to show that a requested record may be withheld under an exemption or exclusion from the disclosure requirement." Asbury Park Press v. Cnty. of Monmouth, 406 N.J. Super. at 7 (citing N.J.S.A. 47:1A-6).

Although "[t]he statute broadly defines the term 'government record,'" it "also calls for a careful balancing of competing interests -- the right of access to government records versus the need to protect personal information." Libertarians for Transparent Gov't v. Cumberland County (Libertarians II), 250 N.J. 46, 54 (2022) (citing Burnett v. Cnty. of Bergen, 198 N.J. 408, 414 (2009)). Thus, from this broad definition of government record, OPRA provides specific exclusions from the disclosure requirement. Pertinent to this appeal, N.J.S.A. 47:1A-10 (section 10) specifies that "the personnel or pension records of any individual in the possession of a public agency, including but not limited to records relating to any grievance filed by or against an individual, shall not be

considered a government record and shall not be made available for public access."

However, section 10 includes the following exceptions:

> [1] an individual's name, title, position, salary, payroll record, length of service, date of separation and the reason therefor, and the amount and type of any pension received shall be a government record;
>
> [2] personnel or pension records of any individual shall be accessible when required to be disclosed by another law, when disclosure is essential to the performance of official duties of a person duly authorized by this State or the United States, or when authorized by an individual in interest; and
>
> [3] data contained in information which disclose conformity with specific experiential, educational or medical qualifications required for government employment or for receipt of a public pension, but not including any detailed medical or psychological information, shall be a government record.
>
> [N.J.S.A. 47:1A-10.]

Although OPRA "does not define precisely what information is covered by the phrase 'personnel record,' . . . courts have tended to favor the protection of employee confidentiality." McGee v. Twp. of E. Amwell, 416 N.J. Super. 602, 615 (App. Div. 2010). Nevertheless, in Asbury Park Press v. County of Monmouth, we held that OPRA grants the public the right to access settlement agreements that resolve civil litigation between a government agency and its

employee.  406 N.J. Super. at 4, 9.  We predicated that decision, in part, on the public's right to access court documents.  Id. at 9.  We explained:

> Even when neither party is a government agency, the public has a right of access to court documents filed in civil lawsuits.  . . . [T]his court held in Verni v. Lanzaro, 404 N.J. Super. 16 (App. Div. 2008), that the public has a right to disclosure of a confidential settlement entered under seal in a civil lawsuit between private parties.  It would be an odd departure from the view expressed in Verni . . . if we were to uphold the secrecy of a settlement in a civil lawsuit involving a government agency.
>
> [Asbury Park Press v. Cnty. of Monmouth, 406 N.J. Super. at 9 (citations omitted).]

In Libertarians I, we held that the plaintiff was not entitled to access a redacted settlement agreement that resolved a disciplinary action by allowing a county employee to retire with reduced benefits because the document was a personnel record that was excluded from disclosure under section 10.  465 N.J. Super. at 14, 24.  We reasoned that "[i]f the disciplinary records themselves are exempt from disclosure under section 10, . . . an internal settlement agreement resolving disciplinary charges, which often involves an employee accepting discipline, [should] similarly be considered a personnel record exempt from disclosure."  Id. at 20-21.

9

In reversing our decision, our Supreme Court "d[id] not rely on case law about settlement agreements that public entities enter into to resolve a lawsuit." Libertarians II, 250 N.J. at 58 (citing Asbury Park Press v. Cnty. of Monmouth, 406 N.J. Super. at 9). Instead, the Court conducted an interpretive analysis of "the plain language of section 10" and concluded that "[a] settlement agreement that includes . . . details [about the reasons for an employee's separation from government service] must . . . be made available to the public once it is redacted." Ibid. The Court "recognize[d] that some requestors may be satisfied to receive a written summary of information in response to an OPRA request. But OPRA entitles them to press for actual government records in many situations, which they can then inspect." Ibid.

Here, we conclude that the internal settlement agreement with the unnamed employee is a personnel record that does not fall within section 10's exceptions. Critically, the agreement did not resolve civil litigation or any threat of litigation. Instead, the agreement resolved an internal disciplinary proceeding that did not result in the unnamed employee's separation. Consequently, the Court's holding in Libertarians II, 250 N.J. at 58, is inapplicable here. Further, there is no evidence in the record that the settlement with Rubet was predicated on the unnamed employee's agreement to forfeit accrued benefit time. Stated

10

differently, there is no indication that the Board would not have followed its insurer's recommendation to offer Rubet $115,000 had the unnamed employee not acquiesced to forfeit accrued benefit time amounting to $35,000. Additionally, neither the unnamed employee nor the internal settlement agreement is referenced in Rubet's settlement agreement, refuting Shurin's contention of a global resolution. At no point did Rubet and the unnamed employee enter into any agreement giving rise to privity of contract. Therefore, we see no basis for extending our holding in Asbury Park Press v. County of Monmouth to encompass the internal settlement agreement of a purely disciplinary matter at issue here.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

11

A-3716-20